IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JEFFREY K. BUSBY,<br><br>**Plaintiff,**<br><br>v.<br><br>COMMUNICATION WORKERS OF AMERICA,<br><br>**Defendant.** | Case No. 22-1215-JAR-KGG |

## MEMORANDUM AND ORDER

Plaintiff Jefferey K. Busby filed this action pro se on September 23, 2022, asserting claims against his union, Communication Workers of America.[1] Magistrate Judge Gwynne Birzer granted Plaintiff's Motion for Leave to Proceed in Forma Pauperis that same day and ordered that service of process be undertaken by the Clerk under 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3).[2] Thereafter, summons issued to Christopher Shelton, President of Defendant Communication Workers of America at the address identified by Plaintiff in the Complaint. On December 1, 2022, the United States Marshal's Service ("USMS") filed a return, indicating that summons was returned unexecuted.[3]

Now before the Court is Plaintiff's Motion for Default Judgment (Doc. 7), where he seeks default on the basis of Defendant's "refusal to answer."[4] He also seeks clarification on the status of Defendant's answer to the complaint. As described more fully below, Plaintiff's motion

---

[1] Doc. 1.

[2] Doc. 3. On December 20, 2022, the Honorable Kenneth G. Gale was reassigned as the presiding Magistrate Judge on this case.

[3] Doc. 5.

[4] Doc. 7 at 2.

for default judgment is denied because Defendant has not been served. The Court sua sponte grants Plaintiff an additional period of time to serve Defendant.

A defendant shall serve an answer within twenty-one days after service of the complaint.[5] When a party fails to plead or otherwise defend, and that failure is shown by affidavit or otherwise, default should be entered against that party.[6] Therefore, "default judgment cannot be entered against a defendant unless service of process is effected, or the defendant waives or accepts service."[7] Summons in this case was returned unexecuted. It appears from the tracking information attached to the return that summons went out for delivery on November 5, 2022, but was never scanned as delivered. Contrary to Plaintiff's assertion, there is no return receipt indicating that Defendant declined the certified mail. Plaintiff's motion for default judgment must be denied because Defendant was never served with the summons and Complaint.

Because the USMS's attempt to serve Defendant by certified mail failed, Defendant still has not been properly served, and it has been well past 90 days since the Complaint was filed. Fed. R. Civ. P. 4(m) provides:

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

In determining whether good cause exists, Tenth Circuit "cases have established some of the contours between justifiable reliance on the process server (whether it be the Marshals, a

---

[5] Fed. R. Civ. P. 12(a)(1).

[6] Fed. R. Civ. P. 55(a).

[7] *Vanderwal v. Trujillo*, No. 21-CV-03163-WJM-NYW, 2022 WL 2512820, at *2 (D. Colo. June 15, 2022) (quoting *Gonzales v. Sandoval Cnty. Det. Ctr. &/or Med. Dep't*, No. CIV 07-864 JB/KBM, 2008 WL 11451939, at *1 (D.N.M. Feb. 6, 2008)).

privately retained third party, or a pro se litigant himself) and unjustifiable reliance, and they have set a high bar for a plaintiff endeavoring to show the former."[8] Plaintiff's in forma pauperis status means that he was entitled to rely on the Clerk and the USMS to effect proper service of process on his behalf, but "the Marshals Service is not responsible for lack of service where a plaintiff does not provide correct information required for service."[9]

The Court is skeptical that Plaintiff has shown good cause in this case for his failure to timely serve Defendant. Upon receiving notice that the certified mail was returned unexecuted on December 1, 2022, Plaintiff took no further steps to effect service or request additional time to do so. Instead, he waited almost two months to seek default judgment. Nonetheless, out of an abundance of caution, the Court will allow Plaintiff an extension of time to effect service on Defendant. Plaintiff shall immediately notify the Clerk of the appropriate addressee for service on Defendant (even if it is to confirm the same information previously provided). The USMS shall again attempt to serve Defendant once it receives the above information from the Clerk. Plaintiff's deadline to effect service on Defendant is extended to April 28, 2023.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Default Judgment (Doc. 7) is **denied**.

**IT IS FURTHER ORDERED BY THE COURT** that Plaintiff's service deadline is extended to **April 28, 2023**. Plaintiff shall immediately notify the Clerk of the appropriate addressee for service on Defendant (even if it is to confirm the same information previously provided). The USMS shall again attempt to serve Defendant once it receives the above information from the Clerk.

**IT IS SO ORDERED.**

---

[8] *Murphy v. City of Tulsa*, 556 F. App'x 664, 667–68 (10th Cir. 2014).

[9] *Pemberton v. Patton*, 673 F. App'x 860, 864 (10th Cir. 2016) (collecting cases).

Dated: March 6, 2023

                                          S/ Julie A. Robinson
                                          JULIE A. ROBINSON
                                          UNITED STATES DISTRICT JUDGE