IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JEFFREY BUSBY,<br><br>**Plaintiff,**<br><br>v.<br><br>COMMUNICATIONS WORKERS OF AMERICA UNION and CHRISTOPHER SHELTON,<br><br>**Defendants.** | Case No. 22-1215-JAR-KGG |

## MEMORANDUM AND ORDER

Plaintiff Jeffrey Busby filed this action against his former Union, Defendant Communications Workers of America Union ("CWA" or "the Union"), and the Union's President, Defendant Christopher Shelton. Before the Court is Defendants' Motion to Dismiss (Doc. 16), filed on April 19, 2023. Plaintiff has not responded and the time for doing so has expired.[1] D. Kan. Rule 7.1(c) provides that if a response is not filed by the deadline, "the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice." Because Plaintiff has failed to respond to the motion, the Court grants Defendants' motion to dismiss as uncontested under D. Kan. Rule 7.1(c).

Additionally, Defendant's motion is granted on the merits. Federal courts are courts of limited jurisdiction and must therefore have a statutory or constitutional basis for exercising jurisdiction.[2] The party seeking to invoke federal subject matter jurisdiction has the burden to

---

[1] *See* D. Kan. Rule 6.1(d)(2) (stating that responses to non-discovery-related motions must be filed within 21 days of service).

[2] *United States v. Hardage*, 58 F.3d 569, 574 (10th Cir. 1995).

establish that jurisdiction is proper,[3] and mere conclusory allegations of jurisdiction are not enough.[4] Pursuant to the Federal Rules of Civil Procedure, "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."[5]

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level" and must contain "enough facts to state a claim to relief that is plausible on its face."[6] "[T]he complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[7] The plausibility standard does not require a showing of probability that a defendant has acted unlawfully, but requires more than "a sheer possibility."[8] Because Plaintiff proceeds pro se, the Court is mindful that it must construe her pleadings liberally and apply a less stringent standard than which is applicable to attorneys.[9]

Liberally construing Plaintiff's Complaint, he alleges several claims arising out of his termination from Lumen Technologies/CenturyLink as a customer service representative. The gravamen of this action is his claim that the Union did not represent him adequately during the investigation that led to his termination, and that it breached the collective bargaining agreement during that process. Plaintiff lists his claims as: "NLRB v. J. Weingarten," "KS 40-2404," and

---

[3] *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).

[4] *United States ex rel. Hafter v. Spectrum Emergency Care, Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999).

[5] Fed. R. Civ. P. 12(h)(3).

[6] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

[7] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[8] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[9] *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997).

"Breach of contract."[10]  For substantially the same reasons set forth in Defendants' brief, these claims are subject to dismissal.  *NLRB v. Weingarten* holds that an employer's failure to provide union representation for its bargaining unit employees in investigative meetings violates Section 8(a)(1) of the National Labor Relations Act ("NLRA").[11]  The National Labor Relations Board has exclusive jurisdiction over unfair labor practices, including failure to provide adequate representation under Section 8(a)(1).[12]  Moreover, *Weingarten* claims are cognizable against an employer, not a union.[13]  Plaintiff's remaining state law claims are preempted by the Labor Management Relations Act ("LMRA").[14]  And under 29 U.S.C. § 185, Plaintiff cannot assert a claim against individual members and officers of a union, such as Defendant Shelton.[15]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendants' Motion to Dismiss (Doc. 16) is **granted**.  This case is hereby dismissed in its entirety without prejudice.

**IT IS SO ORDERED.**

Dated: June 2, 2023

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[10] Doc. 1 at 3.

[11] 420 U.S. 251, 256–57 (1975).

[12] *Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 49–50 (1998).

[13] 29 U.S.C. § 158(a).

[14] 29 U.S.C. § 185; *see Rael v. Smith's Food & Drug Ctrs., Inc.*, 712 F. App'x 802, 804–05 (10th Cir. 2017) (citing *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 209 (1985)).

[15] *Arnold v. Air Midwest, Inc.*, 100 F.3d 857, 861 (10th Cir. 1996).